Welch v. Chesley.

---

JOHN WELCH *versus* MOSES CHESLEY *& al.*

At common law, on forfeiture of the condition of a recognizance to prosecute an appeal, judgment is rendered for the whole penalty. By the Revised Statutes, c. 115, § 78, "in all actions in the Supreme Judicial Court on a recognizance entered into in the District Court to prosecute an appeal with effect," if the jury shall find the condition has been broken, "they shall estimate the damages the plaintiff has sustained," and execution is to issue for that sum and costs; but neither this, nor any similar provision, appears to have been found in relation to actions of the same description in the District Courts.

EXCEPTIONS from the Western District Court, GOODENOW J. presiding.

At the June Term of the District Court for this County, 1841, Welch recovered judgment against Chesley, and the latter appealed to the next term of the S. J. Court, and entered into a recognizance, with the other defendant as his surety, to

Welch v. Chesley.

prosecute the appeal. The appeal was entered at the November Term of the S. J. Court and continued to the April Term, 1842, when Welch recovered judgment against Chesley for his costs of suit, taxed at $41,68, of which sum $22,18 were for costs since the appeal. This latter sum was demanded of Chesley on the execution but was not paid. The plaintiff then brought an action of debt on this recognizance in the District Court. The defendants were defaulted, and, on a hearing in damages, the District Judge ruled, that the plaintiff was not entitled to recover the amount of the recognizance, but only the amount of the intervening costs, $22,18.

To this ruling the plaintiff filed exceptions.

The case was submitted without argument.

*Codman & Fox*, for the plaintiff.

*Dunn*, for the defendant.

The opinion of the Court was by

TENNEY J. — This is an action of debt upon a recognizance taken upon an appeal from the District to this Court to prosecute the same with effect, and to pay intervening damages and costs. The defendants consented to be defaulted and to be heard in damages. They thereby admitted their liability, and the Court limited the damages to the costs, which accrued after the appeal, the plaintiff insisting that he was entitled to the full penalty.

Formerly the conusors were liable to that extent on the breach of the condition in a recognizance. *Paul* v. *Nowell*, 6 Greenl. 239. By the statute of 1831, c. 497, the rigor of the law was so far mitigated, that the Supreme Judicial Court had the same power in actions on recognizances, to make up judgment for such a sum as should be due in equity and good conscience as upon bonds and other contracts under seal, where there had been a forfeiture; and chap. 115, § 78, of the Revised Statutes, provides that in all actions in this Court on a recognizance, entered into in the District Court to prosecute an appeal with effect, if the jury shall find, that any of the

conditions have been broken, they shall estimate the damages, the plaintiff has sustained. This action was commenced in the District Court, to which no such power is given by the Revised Statutes in actions on recognizances, as was given to it in actions upon bonds by c. 50, § 2 of the statutes of 1821.

The action of *scire facias* instead of *debt* is often resorted to in such cases, and such must be brought in the Court to which the appeal is made. *Vallance* v. *Sawyer*, 4 Greenl. 62. It may have been from such practice, that this Court alone are vested with the power given by the Revised Statutes and the statute of 1831. We can hardly suppose, that the Legislature intended that different rules for estimating the damages should be applied to the same subject matter in the two Courts. But the statute alone authorizes damages for a less amount, than the sum named in the recognizance, and it confines the power exclusively to this Court; and therefore the exceptions are sustained.

The action is now pending in the Supreme Judicial Court, which has authority to render judgment for such damages, as the plaintiff has actually sustained. This must be the costs, which have accrued since the appeal.